In re Salvatore MORGANI and Kathleen Ann Morgani, Debtors.

The HOWARD BANK, Plaintiff,

v.

Salvatore MORGANI and Kathleen Ann Morgani, Defendants.

Bankruptcy No. 82–00041.
Adv. No. 82–0040.

United States Bankruptcy Court,
D. Vermont.

May 18, 1982.

Peter J. Morrissette, St. Johnsbury, Vt., for plaintiff.

Jose M. Monte, Barre, Vt., for defendants.

### MEMORANDUM AND ORDER

CHARLES J. MARRO, Bankruptcy Judge.

The Complaint of the Plaintiff to modify the automatic stay in order to permit it to foreclose on a real estate mortgage on property of the Debtors filed April 1, 1982, came on for hearing, after answer by the Defendants.

From the records in the case, the testimony adduced at the hearing and the exhibits received, the following facts are established:

The Defendants, in consideration of and upon receipt of the sum of $12,000.00 from the Plaintiff, executed and delivered to it an installment note in the principal sum of $12,000.00 dated August 4, 1977 payable with interest at 12% per annum in monthly installments of $158.59 commencing on the 4th day of September, 1977. This note was secured by a real estate mortgage on property situated at Martins Pond, so-called, in the Town of Peacham, Vermont, consisting of a cottage and land. The mortgage was dated August 4, 1977 and in addition to the aforesaid promissory note of $12,000.00, secured the following:

"... any and all other notes, with interest, at any time and from time to time hereafter, executed by said Mortgagors to the Bank, and (3) shall also pay, when due all future advances and indebtedness, with interest, whether evidenced by promissory notes or otherwise, directly created between said Mortgagors, exclusive of any deceased tenant by the entirety, and said Bank and an assignee of said Bank, after assignment, ..."

The Defendants defaulted in the payment of said note and the balance due as of April 6, 1982 was $8,177.23. The value of the real estate securing this note is $23,000.00.

The Defendants were also principals in a corporation known as "Morgani Electric, Inc.," whose business was that of electrical contracting. On September 24, 1979 this corporation borrowed the sum of $35,000.00 from the Plaintiff and, in consideration therefor, executed and delivered to the Plaintiff a demand note in the sum of $35,000.00 payable with 14% interest. In addition, each of the Defendants, Salvatore Morgani and Kathleen Ann Morgani, in consideration of the granting of a line of credit to said corporation, did on September 6, 1978 execute and deliver to the Plaintiff written guarantees for the payment of the corporation note to the Plaintiff.

The Corporation has defaulted in the payment of said note in the principal sum of $35,000.00 and the balance due to the Plaintiff as of April 6, 1982 was $26,509.26.

## MEMORANDUM AND CONCLUSIONS

The Plaintiff contends that the Defendants as guarantors of the corporation note brought themselves within the scope of the "future indebtedness" clause of the real estate mortgage and, therefore, the mortgage not only secured the $12,000.00 balance due under the note, but also the balance due under the corporation note amounting to $8,177.23 and $26,509.26, respectively. Such being the case, the Plaintiff argues that the total indebtedness secured by the mortgage is $34,686.49 and, since the value of the property is only $23,000.00, the Debtors as Defendants have no equity in it and, therefore, the automatic stay prescribed by § 362 of the Bankruptcy Code should be lifted and it should be permitted to proceed in State Court with foreclosure.

On the other hand the Defendants claim that there was no intention on the part of the respective parties at the time of the execution of the mortgage to include the $35,000.00 corporation note and their liability as guarantors within the scope of the "future indebtedness" clause in the mortgage. Failing this, the balance due under this corporation note was not covered by the mortgage. Such being the case, they argue, there is equity in the real estate since the balance due under the $12,000.00 note is $8,177.23 and the property is worth $23,000.00. This Court agrees. There was no testimony adduced at the hearing to establish that there was any intention on the part of the parties to include within the scope of the future indebtedness clause any liability which would accrue by virtue of the guarantee by the Defendants of a corporation note.

It would appear that for a determination of the rights of the parties under the real estate mortgage resort would have to be had to nonbankruptcy law. 4 Collier on Bankruptcy, 15th Edition, § 541.07, page 541–28. Under the prior Bankruptcy Act the existence of all liens, claims and equities in property was a matter to be determined by the appropriate state law as expounded by the decisions of the state courts. 4B Collier, 14th Edition, 774.

There appears to be no change under the Bankruptcy Code. In this state a mortgagee under a mortgage also covering future debts due the mortgagee from the mortgagor must, to obtain a secured position under the mortgage as to future debts, show that the parties intended the subsequent debt to be secured by the mortgage. *Bloom v. First Vermont Bank and Trust Company, et al.*, 133 Vt. 407, 340 A.2d 78 (1975). In the instant case there was no such showing. Therefore, liability incurred by the Defendants under their guarantee of the corporation note is not covered by the real estate mortgage and the balance due of $26,509.26 under this note cannot be added to the mortgage indebtedness. With the value of the real estate at $23,000.00 and the balance due of $8,177.23 under the original $12,000.00 note, there is considerable equity in the property. This being the case, the Plaintiff is not entitled to relief from the automatic stay.

§ 362(d) of the Bankruptcy Code provides that the court shall grant relief from a stay

of any act against property if (A) the debtor does not have any equity in such property and (B) such property is not necessary to an effective reorganization. Since the Debtors do have substantial equity the Plaintiff is not entitled to the relief requested.

### ORDER

Upon the foregoing,

IT IS ORDERED that the Complaint of the Plaintiff for relief from automatic stay filed April 1, 1982 is DISMISSED.